**CANADIAN PAC. RY. CO. v. MEIER**

Ohio Appeals. 1st Dist. Hamilton Co.

No. 2893. Decided Jan. 3, 1927.

On Rehearing

208. CARRIERS—Contracts—The rule that a contract between a railroad company and a prospective passenger begins with the purchase of the ticket, does not apply where prior to a certain date deposits were required to be made on the basis of an advanced rate, although inquiry and arrangements were made as to reservations and space under the old rate.

HAMILTON, J.

Henry Meier brought an action in the Cincinnati Municipal Court against the Canadian Pacific Railway Co. to recover for a claimed breach of contract. It seems that Meier was arranging a touring party and desired accomodations for about 25 persons. The Company gave Meier rates, terms and conditions and in November, 1924, certain space was alloted to him.

Deposits were required to be made by December 15th, but before that time the rates were raised $15.00 per person, effective December 15th. Meier was notified that before allotment of space would be made on the basis of the old rates, the names of members of his party should be sent prior to December 15th, and that a deposit based on the advanced rate on those not submitted would be required.

Meier in order to make good to the members of his party, under protest, deposited the additional $15.00 and upon his return he brought this action to recover $15.00 on sixteen reservations on which the advanced rate was required. The Municipal Court found in favor of Meier and the Hamilton Common Pleas affirmed its judgment. Error was prosecuted to the Court of Appeals which held:—

1. The defense is based on the proposition that the actual contract between the carrier and the prospective passenger only arises when the ticket is purchased and that rates prevailing at that time control; and that prior inquiry is not a part of the contract.

2. This is true in the ordinary purchase of a ticket by a prospective passenger in the usual and ordinary service to the public. In other words, an inquiry and reservation of space would not constitute a binding contract as to rate in force at that time, but correspondence introduced as constituting the contract in this case presents an entirely different situation.

3. The contract was a special one and Meier was entitled to rely on the terms and conditions thereof; and therefore the contention that a contract between a railway company and a prospective passenger begins with the purchase of a ticket, would not apply.

4. Meier, having paid the advanced rate under protest, he is entitled to recover that sum and the judgments of the lower courts are affirmed and application for rehearing denied.

Judgment affirmed.

(Buchwalter, PJ., and Cushing, J., concur.)

Attorneys—Waite, Schindel and Bayless and Herbert Shaffer for Company; Julius R. Samuels for Meier; all of Cincinnati.